## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL MCKINZY, SR.,**         ) | |
| )                                   | |
| **Plaintiff,**       ) | |
| )                                   | CIVIL ACTION |
| v.                               ) | |
| )                                   | No. 09-2070-CM |
| **KANSAS CITY POWER AND**         ) | |
| **LIGHT COMPANY,**                ) | |
| )                                   | |
| **Defendant.**       ) | |
| )                                   | |

### MEMORANDUM AND ORDER

Plaintiff Michael McKinzy brings this action against defendant Kansas City Power and Light Company. On May 17, 2009, defendant filed a Motion for Extension of Time to File Response to Plaintiff's Motion for Summary Judgment (Doc. 15). During the May 12, 2009 Scheduling Conference, plaintiff objected to the motion, and the parties argued the motion to Magistrate Judge O'Hara. Noting plaintiff's objection, Judge O'Hara found good cause for the requested extension and granted defendant's motion. Plaintiff seeks review of Judge O'Hara's order granting the motion. This matter is before the court on Plaintiff's Notice of Objection Pursuant to Fed. R. Civ. P. 72 and Motion for District Judge Review of Magistrate Judge's Order Granting to Defendant's Counsel an Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (Doc. 21).

The standard of review under which a district court reviews a magistrate judge's decision on a nondispositive motion is the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)). This standard requires the district court to affirm the magistrate judge's decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds*

*Tobacco Co.*, 200 F.R.D. 661, 667 (D. Kan. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Magistrate judges have broad discretion to manage the pretrial docket and control discovery. *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1365–66 (D. Kan. 1995).

Given the circumstance of this case, Judge O'Hara's order granting defendant's motion for extension of time was not clearly erroneous. In fact, the order furthers the interests of justice. Due to a family medical situation, defense counsel was unable to take plaintiff's deposition as scheduled. Forcing defendant to respond to summary judgment before having the opportunity to obtain relevant facts would be a waste of judicial resources, as well as the parties' financial resources. The requested extension will allow the parties the time to conduct the necessary discovery to fully and properly brief the issues raised in plaintiff's summary judgment motion. After reviewing the record, the court finds that Judge O'Hara's decision is supported by the record. Accordingly, plaintiff's motion is overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's Notice of Objection Pursuant to Fed. R. Civ. P. 72 and Motion for District Judge Review of Magistrate Judge's Order Granting to Defendant's Counsel an Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (Doc. 21) is overruled.

Dated this 23rd day of June 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**