IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**KANSAS CITY POWER AND LIGHT,**  )<br>)<br>**Defendant.**  )<br>) | No. 09-2070-CM |

## MEMORANDUM AND ORDER

On February 12, 2009, plaintiff Michael McKinzy ("plaintiff") filed this *pro se* civil rights action against defendant Kansas City Power and Light ("KCP&L" or "defendant") alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. (Doc. 1). On May 1, 2009, plaintiff filed a motion for summary judgment (Doc. 13). On June 26, 2009, he filed an interlocutory appeal, which the Tenth Circuit dismissed on July 21, 2009. Defendant replied to plaintiff's summary judgment motion and filed its own motion for summary judgment, to which plaintiff failed to respond (Docs. 37, 38). This court issued an order directing plaintiff to respond to defendant's motion for summary judgment no later than August 13, 2009 and informing plaintiff that if he did not respond, the court would consider the motion without the benefit of his response pursuant to D. Kan. Rule 7.4. Plaintiff has failed to respond, and the court thus considers defendant's motion without the benefit of a response brief. For the reasons that follow, the court denies plaintiff's motion (Doc. 13), and grants defendant's motion (Doc. 37).

**I.    Factual Background**

Plaintiff is an African-American electrician.  Plaintiff filed a complaint alleging that

defendant's rejection of his applications for employment from April 2006 through 2008 was a result of race discrimination and retaliation for complaints plaintiff had filed against defendant.

As set out in the parties' summary judgment motions, the following facts are uncontested.[1] In April 2004, plaintiff applied for a position as a journeyman electrician with defendant. Defendant was invited to undergo additional testing, but was unsuccessful in that testing and was not offered a position. In April 2006, plaintiff applied for a position as an electrician with defendant through the Full Employment Council's ("FEC") minority recruitment program. Plaintiff received a passing score on the FEC's threshold test, which allowed him to apply for defendant's open positions. Plaintiff provided the FEC with a standard KCP&L application and his resume. He did not provide FEC or KCP&L with the journeyman electrician paperwork that was required to complete the application process. At the time of his April 2006 application, plaintiff did not have the requisite qualifications for employment as a journeyman electrician because he did not (1) possess five years experience in a power plant or similar industrial setting maintaining an electrical generation facility, or other heavy industrial facility, or similar military experience or (2) possess three years experience as a journeyman electrician.[2] In June 2006, plaintiff followed up with his April 2006 application.

In December 2006, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in connection with his May or June 2006 application and

---

[1] Plaintiff failed to specifically controvert any facts submitted by defendant; therefore, pursuant to D. Kan. Rule 56.1(a), all facts submitted by defendant are deemed admitted by plaintiff.

[2] Plaintiff asserts that he was qualified for the position but relies on experience that is inconsistent with the experience necessary to qualify for a journeyman electrician position with KCP&L. Furthermore, he does not refute the facts relied on by defendant to establish that he was not qualified for the position. *See* D. Kan Rule 56.1 (explaining that all material facts set forth are deemed admitted for purposes of summary judgment unless specifically controverted).

received his right to sue notice on March 20, 2007.  In August 2008, plaintiff submitted an on-line expression of interest with KCP&L.  KCP&L faxed several forms for plaintiff to complete but does not have a record of receiving the completed forms from plaintiff.  In October 2008, plaintiff followed up with his August 2008 inquiry and was told to re-fax his paper work.  After re-faxing his paperwork, but before hearing back from KCP&L, defendant filed another charge with the EEOC.  In November 2008, prior to receiving plaintiff's EEOC charge, KCP&L decided to extend plaintiff an invitation to undergo further testing in connection with his October 2008 application.  In December 2008, KCP&L sent the invitation to plaintiff.  Plaintiff's test was set for January 26, 2009.  Plaintiff failed to appear to take the test and failed to contact KCP&L to reschedule the test.  The KCP&L application process does not request that applicants provide their race, and plaintiff did not provide his race on his resume.

**II.     Standards**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While this court construes *pro se* pleadings liberally, plaintiff's *pro se* status does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims.  *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1227 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)).

**III.    Discussion**

According to plaintiff, the facts set out above establish that plaintiff's race, as well as the discrimination complaints he filed against defendant, were determining factors in his being refused employment. On this basis, he seeks summary judgment on his claims of race discrimination and retaliation in violation of § 1981 and Title VII. Indeed, his motion for summary judgment contains only his statements of uncontroverted fact, including his conclusions regarding the merits of his claim.

Defendant argues that it is entitled to summary judgment because plaintiff fails to establish a prima facie case of discrimination, and/or cannot rebut defendant's legitimate bases for its hiring decisions. Based on the uncontroverted facts, this court agrees with defendant.

### A.    Discrimination Claims

As in this case, where direct evidence of discrimination is absent, race discrimination claims are to be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). Under the burden-shifting of *McDonnell Douglas*, the plaintiff must initially establish a prima facie case of discrimination. 411 U.S. at 802. Then, defendant must offer a legitimate, nondiscriminatory reason for its employment decisions. 411 U.S. at 802–03; *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995). If the defendant does so, then the burden reverts to the plaintiff "to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual *i.e.*, unworthy of belief." *Marx v. Schnuck Mkts, Inc.*, 76 F.3d 324, 327 (10th Cir. 1996).

A prima facie case is a flexible standard, adjusted to fit "the context of the claim and the nature of the adverse employment action alleged." *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir.

-4-

2005). The elements remain the same whether that case is brought under §§ 1981 or 1983 or Title VII. *Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (quotations omitted). To make out a prima facie case of race discrimination in failure to hire, plaintiff must demonstrate (1) he was a member of a protected class; (2) plaintiff was qualified for the position; (3) he suffered an adverse employment action (*e.g.*, he was rejected); and (4) plaintiff was treated less favorably than others (*e.g.*, the position at issue remained open after the adverse employment action). *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1134 (10th Cir. 2004).

Plaintiff cannot establish that he completed the application process in April 2006, June 2006, or August 2008. In April 2006, plaintiff passed the initial threshold test, but failed to submit the required paperwork—the journeyman electrician paperwork. As for his June 2006 application, plaintiff claims he sent a copy of his April 2006 application materials to an unidentified women, but he cites to no supporting evidence and he does not refute defendant's assertion that it has no record of receiving documentation from plaintiff in June 2006. The same is true for plaintiff's August 2008 application. Plaintiff cites to no evidence—other than his self-serving, conclusory affidavit—establishing that he applied for a position with defendant in August 2008, and he does not refute defendant's assertion that it has no record of receiving an application from plaintiff in August 2008.

Even if plaintiff had successfully completed the application process, he cannot show that he was qualified for a journeyman electrician position. Plaintiff does not refute that the journeyman position required (1) five years experience in a power plant or similar industrial setting maintaining an electrical generation facility, or other heavy industrial facility, or similar military experience or (2) three years experience as a journeyman electrician. Nor does he provide evidence that he meets these requirements. He merely states that he was qualified because (1) he possessed over eight years

of verifiable work experience as an electrician and an electrician journeyman's card throughout the International Brotherhood of Electrical Workers and (2) he had completed a five year electrician apprenticeship program through the International Brotherhood of Electrical Workers.

Finally, even if plaintiff were able to establish a prima facie case, plaintiff fails to controvert defendant's proffered explanation for the challenged action. Defendant asserts that it did not extend plaintiff a job offer, or an invitation to continue the application process, in April 2006, June 2006, or August 2008 because (1) it did not receive completed applications and (2) plaintiff was not qualified for the position. Moreover, when defendant did invite plaintiff to undergo additional testing, in conjunction with his October 2008 application, he did not accept the offer—he failed to show up for the additional testing. Plaintiff fails to challenge defendant's proffered reasons for its employment decisions. The court finds that defendant is entitled to judgment as a matter of law on plaintiff's discrimination claim.

### B. Retaliation Claims

Title VII makes it unlawful for an employer to discriminate against an employee for "oppos[ing] any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). To successfully invoke this anti-retaliatory provision, plaintiff "must establish that retaliation played a part in the employment decision," *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008), by relying "on the familiar three-part *McDonnell Douglas* framework to prove that the employer's proffered reason for its decision is a pretext for retaliation." *Id*. at 1225 (quotation omitted).

To establish a prima facie case of retaliation, plaintiff must show that (1) he engaged in protected opposition to discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Fye*, 516

F.3d at 1227. In his motion for summary judgment, as in his complaint, plaintiff alleges that he was denied employment with defendant in retaliation for having filed previous charges of discrimination against it.

Plaintiff has failed to meet his burden to prove a prima facie case of retaliation. First, his April 2006 and June 2006 claims pre-date his first EEOC charge, which he filed in December 2006. And, as discussed above, he failed to submit an application in August 2008. Second, his mere assertion that there was a causal connection between defendant's failure to hire him and his prior complaint is insufficient. When he did submit a complete application, in October 2008, he was invited to undergo further testing—he chose not to accept the invitation.

Even if he could establish a prima facie claim, plaintiff fails to controvert defendant's proffered explanation for the challenged action. As explained above, plaintiff fails to challenge defendant's proffered reasons for its employment decisions—that it did not extend plaintiff a job offer because plaintiff did not submit completed applications, plaintiff was not qualified for the position, and plaintiff failed to show up for the additional testing. Because plaintiff fails to offer any evidence that would suggest retaliation, defendant is entitled to summary judgment on plaintiff's claims.

### C. Defendant's Cost

Although generally litigants are responsible for their own attorney's fees, a district court has the discretion to award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. 42 U.S.C. § 2000e-5(k); *Christiansburg Garment Co. v. Equal Opportunity Employment Comm'n*, 434 U.S. 412, 421–422 (1978) (also holding that the presence of bad faith will provide an even stronger basis for charging plaintiff with the attorney's fees incurred

-7-

by defense of the suit). Defendant requests its fees, alleging plaintiff is a serial filer of frivolous lawsuits and that this lawsuit is part of on ongoing abusive pattern.

The court recognizes that plaintiff has filed a multitude of cases in this district within less than a year, not one of which has resulted in relief for plaintiff.[3] But the court is not in a position to award defendant its cost in defending this action on the record before it. The record does not set forth the amount of cost defendant seeks, thus depriving plaintiff of an opportunity to dispute defendant's costs. Additionally, defendant fails to identify facts specific to this case that warrant an award of its costs. Defendant's request is denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 13) is denied.

**IT IS FURTHER ORDERED** that Defendant Kansas City Power & Light Company's Motion for Summary Judgment (Doc. 37) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff's claims are dismissed.

---

[3] *McKinzy, Sr. v. Burlington N. Santa Fe Ry.*, No. 08-cv-02365-CM-JPO (filed 08/06/08); *McKinzy, Sr. v. Union Pac. R.R.*, No. 08-cv-02519-CM-JPO (filed 10/20/08, closed 04/17/09); *McKinzy, Sr. v. Kansas City, Missouri Police Dep't, et al.*, No. 08-cv-02539-CM-JPO (filed 10/28/08, closed 02/26/09); *McKinzy, Sr. v. Missouri Div. of Child Support Enforcement, et al.*, No. 08-cv-02553-CM-JPO (filed 11/04/08, closed 03/05/09); *McKinzy, Sr. v. Dir. of the Missouri Dep't of Revenue, et al.*, No. 08-cv-02562-CM-JPO (filed 11/10/08, closed 03/05/09); *McKinzy, Sr. v. Norfolk S. R.R.*, 2:08-cv-02599-CM-JPO (filed 12/02/08, closed 06/12/09); *McKinzy, Sr. v. Interstate Bakeries Corp.*, No. 08-cv-02649-CM-JPO (filed 12/22/08); *McKinzy, Sr. v. Norfolk S. R.R.*, No. 08-cv-02599-CM-JPO (filed 12/02/08); *McKinzy, Sr. v. Interstate Brand Corporation*, No. 09-cv-02081-CM-JPO (filed 02/19/09, closed 04/13/09); *McKinzy, Sr. v. Unified Government of Wyandotte County/Kansas City, KS*, No. 09-cv-02199-EFM-DWB (filed 04/17/09); *McKinzy, Sr. v. Black & Veatch*, No. 09-cv-02271-KHV-GLR (filed 05/21/09); *McKinzy, Sr. v. Internal Revenue Serv.*, No. 09-cv-02318-CM-JPO (filed 06/15/09).

-9-

Dated this 18th day of August 2009, at Kansas City, Kansas.

                                                  **s/ Carlos Murguia**
                                                  **CARLOS MURGUIA**
                                                  **United States District Judge**